## In re Petition of Stanley Joseph Wall

*Harvey A. Zalevsky,* for petitioner.
*David L. Robinson,* for objector.

ACKERMAN, *J.*, June 20, 1986 — Before the court is a contested petition to change the name of a minor. The protagonists are the child's mother and father, veteran litigants, who have confronted each other in various forms of domestic litigation over the past 10 years and who continue to do so. Their marital status is still unresolved by the courts though they have been separated since 1976. Their child is Stanley Joseph Wall, born December 2, 1972, who is now 13 years old[1] and who uses the first name Joe. It is however, his surname which is in dispute. The petition, which he has filed through his mother, asks the court to change his name from Wall, his father's name, to Della Vedova, his mother's maiden name. Joe lived with both parents until their separation when he was four. The mother became the custodial parent when she and the father separated and Joe continued to use the name Wall until September 1982, when Joe and his mother moved from Greensburg to Murrysville, and he enrolled in a new school district. At that time, the mother informed the school authorities that Joe's name was Della Vedova. This change, made when Joe was nine, was accomplished without the father's knowledge; and he did not learn of it until he subsequently made inquiries at the school. The father, who objects to the proposed name change, has maintained regular visitation with Joe and pays $275 per month support for him plus $25 a month on accumulated arrearages. The mother points out that Joe is an accomplished student who in the past four years has

---

1. Contemporaneously with the filing of the petition for change of name, the mother filed a separate petition in the family court division seeking the termination of the father's visitation rights. A petition to increase support payments is also pending.

earned an impressive scholastic record under the name Della Vedova. Joe, who is caught between parents, has expressed his wish to have his name changed because he is known as Della Vedova to his friends, although he does not wish to hurt or offend either parent.

In addressing a change of name petition filed on behalf of a minor, the court has wide discretion. *Petition of Christjohn*, 286 Pa. Super. 112, 428 A.2d 597 (1981). I conclude that the petition should be denied because in the long run the best interest of the child will be served by denying the petition, and because I wish to avoid a precedent which I believe would be contrary to public policy. A normal relationship between a noncustodial parent and a child is difficult to achieve and maintain. It is a fragile structure at best. While a child maintains friendships with many people, those friendships vary and change as he matures; but without attempting to be melodramatic, I would point out the simple unavoidable fact that a child has only one father. To grant the petition in this case would, I believe, place an unnecessary strain on Joe's relationship with his father which in the long run would be to Joe's detriment. Whether the harm would come from Joe's view of his relationship with his father or from the father's perspective is immaterial, its adverse effect on the parent-child relationship is something to be feared. Other courts have found that an impairment of the relationship between a father and his child may be a valid reason for denying a name change. *Rounick's Petition*, 47 D.&C. 71 (1942); see also, *In re Marriage of Omelson*, 445 N.E. 2d 951 (Ill. App., 1983). This is not a case where the father has abandoned his child, see *In re Petition of Rocuskie*, 41 Northumberland 80 (1969); or where the child's interest will be advanced by the change because of

the father's deplorable conduct, *Petition of Christjohn,* supra I, therefore, choose to follow a course which will not threaten or diminish the child's bond with either parent.

As far as public policy is concerned, I do not believe that the granting of the petition would set a good precedent. To grant the petition would encourage custodial parents to unilaterally change the names of their children without any authority and without the consent of the other parent, as was done here, in the hope that with the passage of time, their unauthorized acts would be ratified by the court. To condone such practices would encourage confusion and animosity which would be detrimental to the children involved. For these reasons, the following order will be issued.

## ORDER

And now, this June 20, 1986, the petition of Stanley Joseph Wall by Deanna Della Vedova, his mother, is hereby denied.